```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA


PENNY S. HOOD,                    )
                                  )
          Plaintiff,              )
                                  )
     vs.                          )    Civil Action No. 10-1018
                                  )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
          Defendant.              )
```

O R D E R

AND NOW, this 3rd day of January, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial

evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

Plaintiff challenges the determination of the Administrative Law Judge ("ALJ") that she is not disabled, arguing that the ALJ improperly assessed the opinion of her primary care physician, Mamoon Al Rasheed, M.D. See Tr. 16-18; 399-403.

The question of whether a person is disabled is a legal one that is reserved to the Commissioner of Social Security. 20 C.F.R. § 404.1527(d)(2). Nevertheless, the opinion of the plaintiff's treating physician is to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (citing 20 C.F.R. § 404.1527). In fact, the regulations provide that a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the Commissioner may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the Commissioner's own judgment or speculation, although he may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. Plummer, 186 F.3d at 429.

Dr. Rasheed completed a Physical Residual Functional Capacity Questionnaire, in which he opined that Plaintiff was "incapable of even 'low stress' jobs." R. 400. Such "checkbox" reports may constitute "weak evidence at best," Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993), in particular when such conclusions are inconsistent with the record evidence, which it is here. For four reasons, there is substantial evidence to support the ALJ's decision. First, as the ALJ noted, Dr. Rasheed was a primary care physician and no specialist reported such severe limitations. Second, this Questionnaire was inconsistent with Dr. Rasheed's own treatment records and was otherwise unsupported by any objective findings. Third, Plaintiff's activities of daily living indicated that she could work. Four, her treatment history was inconsistent with an individual experiencing debilitating symptoms. Tr. 16-17.

The Court concludes that the ALJ's conclusions are supported by substantial evidence, and the decision of the Commissioner is affirmed.

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8 (errata at document No. 9)) is DENIED and defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

                                                  s/Alan N. Bloch
                                                  United States District Judge

ecf:  Counsel of record